■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD KAHIGAS, Appellant.— Judgment convicting defendant of the crimes of forgery in the second degree and grand larceny in the first degree affirmed. The principal issue litigated was the identification of defendant as the perpetrator of the crimes charged. Defendant was identified by two bank tellers. The crimes were committed on May 18, and June 6, 1960. Defendant was identified by one of the bank tellers on July 13, 1960. The other bank teller identified defendant on December 28, 1960. Prior to the initial identification the bank tellers had seen and identified photographs of defendant. Upon

interrogation by the court, one of the bank tellers testified she had previously identified a photograph of defendant. Defendant's counsel objected. The court offered to strike the testimony after indicating that it was favorable to defendant. Thereupon defendant's counsel withdrew the objection. Thereafter the other bank teller in the course of her cross-examination by defendant's counsel volunteered she had identified defendant from photographs. Defendant's counsel moved to strike said testimony and the motion was granted. A detective corroborated the identification by one of the bank tellers; his testimony was objected to not on the ground that it was inadmissible against the defendant but solely on the ground that it was repetitious. The alleged erroneous introduction of evidence of identification was not properly objected or excepted to. We may, regardless of objections or exceptions, in the interests of justice direct a new trial. (*People* v. *Kelly,* 12 N Y 2d 248.) We conclude, however, that the failure properly to object was deliberate and consistent with the theory of the defense in the light of the fact that defendant rested without offering any testimony. Defendant vigorously contested the identification by the two bank tellers. His position necessarily was that the tellers were mistaken. If so, the mistake was intentional or innocent. It was less difficult to persuade the jury that the mistaken identification was innocent rather than intentional. In that aspect the jury might be persuaded that the tellers' identification consequent on confrontation with the defendant was induced by prior exposure to his photograph. In the circumstances we are of the opinion that the interests of justice do not warrant a new trial. The evidence amply justified the conviction; defendant knowingly failed properly to object to the evidence of identification; and the other alleged errors did not affect his substantial rights. (Code Crim. Pro., § 542.) Concur — Valente, McNally, Eager and Steuer, JJ.; Rabin, J. P., dissents in the following memorandum: I dissent and vote to reverse the judgment of conviction and to order a new trial. The only real question in this case was whether the defendant was the person who cashed the forged checks at the bank. The defendant was so identified by the two bank tellers involved. Absent such identification no conviction could have been had. The claimed errors go right to the crucial issue, i.e., identification. It was error to permit the detective to testify as to a prior identification of the defendant by one of the tellers (*People* v. *Trowbridge,* 305 N. Y. 471). It was likewise error to permit the tellers to refer to a prior identification of the defendant by way of photograph (*People* v. *Cioffi,* 1 N Y 2d 70). Although defendant's counsel did not persist in his objection to the admission of the evidence with respect to prior photograph identifications, I believe that in the context of the case it was so prejudicial as to warrant reversal nonetheless. The extended colloquy with respect to such identifications could not but have affected the substantial rights of the defendant. The importance of these errors is demonstrated by an examination of the quality and nature of the bank tellers' identification of the defendant as the perpetrator of the crimes. One teller testified that she first saw and identified the defendant some five weeks after the commission of the crime, while the other teller identified him some seven months thereafter. Neither of the tellers had ever seen the defendant prior to the commission of the crimes and they testified that they serviced some 200 customers a day. In these circumstances it may not be said that the testimony as to their identification of the defendant from photographs — earlier in time than the face to face identification — was merely surplus or cumulative evidence absent which a conviction would nonetheless have resulted. It may not be said that the verdict was not influenced by the admission of this testimony. The errors, involving

as they did the crux of the case, may not be overlooked and section 542 of the Code of Criminal procedure should not be applied here. (See *People* v. *Mleczko,* 298 N. Y. 153.)